Dani WIDARTONO, Larisma
Purba, Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 08–0765–ag.

United States Court of Appeals,
Second Circuit.

Dec. 19, 2008.

Ronald S. Salomon, New York, NY, for
Petitioners.

Gregory G. Katsas, Assistant Attorney
General, Michelle Gorden Latour, Assis-
tant Director, Jessica E. Sherman, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief
Judge, PIERRE N. LEVAL and PETER
W. HALL, Circuit Judges.

### SUMMARY ORDER

Dani Widartono and Larisma Purba, na-
tives and citizens of Indonesia, seek review
of a January 18, 2007 order of the BIA,
affirming the March 20, 2006 decision of
Immigration Judge ("IJ") Jeffrey A. De-
Fonzo, which pretermitted their applica-
tion for asylum, and denied their applica-
tion for withholding of removal and relief
under the Convention Against Torture
("CAT"). *In re Widartono,* Nos. A96 264
114/115 (B.I.A. Jan. 18, 2007), *aff'g* Nos.
A96 264 114/115 (Immig. Ct. N.Y. City
Mar. 20, 2006). We assume the parties'
familiarity with the underlying facts and
procedural history in this case.

When the BIA adopts the decision of the
IJ and supplements the IJ's decision, this
Court reviews the decision of the IJ as
supplemented by the BIA. *See Yan Chen
v. Gonzales,* 417 F.3d 268, 271 (2d Cir.
2005). We review the agency's factual
findings, under the substantial evidence
standard. 8 U.S.C. § 1252(b)(4)(B); *see
also Corovic v. Mukasey,* 519 F.3d 90, 95
(2d Cir.2008). We review *de novo* ques-

tions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We find no error in the agency's conclusion that petitioners failed to meet their burden of proof on their applications for withholding of removal and CAT relief.[1] The agency's finding that petitioners failed to demonstrate a pattern or practice of persecution of ethnic Chinese and Christians in Indonesia was supported by record evidence. The 2004 and 2005 State Department Country Reports on Indonesia as well as the 2004 Religious Freedom Report indicated that adherents of the five major religions, including Christianity, had a great degree of religious freedom, and that, while religious conflict existed, it was declining. The reports further indicated that the Indonesian government was working with Christian and Muslim leaders to ease tensions in areas of conflict.

Petitioners urge us to adopt the standard set out in the Ninth Circuit's case *Sael v. Ashcroft,* 386 F.3d 922, 925 (9th Cir.2004). We decline to do so. The background materials in the record support the agency's finding that petitioners did not show their eligibility for such relief. *See Kyaw Zwar Tun v. INS,* 445 F.3d 554, 564–65 (2d Cir.2006); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

Because petitioners' CAT claim is based on the same predicate, the agency's denial of their claim for CAT relief was also proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Petitioners concede that we are without jurisdiction to consider the agency's pretermission of their untimely asylum application or its denial of Widartono's application for withholding of removal.